IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 05 CR 81 |
| | ) | |
| CHRISTOPHER MILLET, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Christopher Millet has filed several motions to suppress evidence or to dismiss. Since there are common themes running through them, we will consider them together, and they are all denied.

That common theme is the course pursued by the government in its investigation. According to defendant, the government initiated its investigation by relying upon a totally unreliable informer, violated pen register and trap-and-trace orders by recording the content of conversations, and coerced him into making damaging admissions. It may well be that the informer is far from being a solid citizen, but the relationship between defendant and the informer on the one hand, and between the government and the informer on the other hand, resulted in the informer recording various conversations he had with the defendant either over the telephone or in person. These were not wire-taps. Rather, they were recordings by recording devices with the consent of the informer. And recordings made of conversations with the consent of one of the parties are permissible under federal law. The pen registers and trap-and-trace devices may well assist the government in determining the exact time and date

of telephone calls and the telephones accessed, but they do not disclose the contents of the conversations, nor do they make illegal the consensual recordings.

Finally, the mere assertion of coercion is insufficient and, in any event, it is fanciful. Defendant is an experienced criminal defense attorney, although that has not been his entire practice. As far as we can ascertain, he made the statements he seeks to suppress in the presence of his attorney. He was not some frightened adolescent denied the presence of a parent or lawyer, and deprived of food and sleep, nor does he claim to be. While at the time defendant may have been motivated by some hope that some beneficial cooperation agreement would be reached, and that did not happen, such a hope is not coercion.

He advances other grounds as well. He claims the indictment was not signed by an attorney for the government or the foreperson of the grand jury – but, indeed, it was signed by both. He claims that Count I is duplicitous because it includes an aiding and abetting allegation – but aiding and abetting is just another means of committing the substantive offense. United States v. Garcia, 400 F.3d 816 (9th Cir. 2005). He claims that the indictment must charge drug amount and type – but it does: 500 grams or more of mixtures containing cocaine. He claims that a conspiracy may not be formed between a criminally-motivated person and a government agent, and he is right about that. But the government does not claim the informer to be a co-conspirator. One conspirator is named in the superceding indictment, and there are others referred to as well, but the informer is not one of them.

On August 11, 2005, defendant filed a number of motions relating to discovery. Since then the government has furnished Millet with a considerable volume of material. A discussion in court indicated that the government has complied with defendant's discovery demands except in minor respects, and it will comply with the latter as well. Those motions

are, therefore, denied as moot. If there is something further to which defendant believes he is entitled and which has not been furnished, he can move for its production.

                                                     _____
                                                          JAMES B. MORAN
                                                    Senior Judge, U. S. District Court

_____Nov. 3_____, 2005.